UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

15 JAN 20 AM 11: 28

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

|  |  |  |
|---|---|---|
| REX CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | **1 : 15 -cv- 0075 TWP -MJD** |
| MARTIN MARIETTA | ) | |
| MATERIALS, INC., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, REX CLAY ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint in this action against Defendant, MARTIN MARIETTA MATERIALS, INC., (hereinafter "Defendant"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.     This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory, liquidated and punitive damages, to redress Defendant's unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., as amended ("ADAAA") (collectively, the "ADA"); and, Indiana Labor Law prohibiting disability discrimination in employment, I.C. § 22-9-5-19, *et seq.*

2.     Plaintiff claims that he was terminated because of his disability in violation of the ADA and Indiana law.

3.     Defendant's discriminatory termination of Plaintiff after learning about his disability - - was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff. This unlawful conduct has caused and continues to cause Plaintiff to suffer substantial

1

economic and non-economic damages, permanent harm to his personal reputation, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question regarding the depravation of Plaintiff's rights under federal and state law. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §§ 12101, et seq.

5.     The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1391.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is conducting business in the Southern District of Indiana, and a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Indiana.

## PARTIES

7.     Plaintiff is a male United States citizen and resides in Danville, Indiana.

8.     Plaintiff is a qualified individual with a disability as defined by 28 U.S.C. § 12131, and IC § 22-9-5-16, namely alcoholism.

9.     At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes and was employed by Defendant as a Utility Person located at Plainfield, Indiana.

10.     Upon information and belief, at all times relevant herein, Defendant is a private for-profit North Carolina corporation with its principal place of business located at 2710 Wycliff Road, Raleigh, North Carolina and is a citizen of the State of North Carolina.

11.     At all times relevant herein, Defendant is a corporation, duly registered to conduct business in the State of Indiana; was conducting business in the State of Indiana; and continues to transact business in the State of Indiana, including Marion County, Indiana.

## PROCEDURAL REQUIREMENTS

12.     On or about 8 April 2014, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 470-2014-01572) alleging violations of the ADA. This discrimination charge arose out of the same facts alleged herein.

13.     On or about 31 October 2014, Plaintiff received his Notice of Suit Rights from the EEOC. This action has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

14.     Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

15.     Plaintiff was classified as a Utility Person whose primary work location was in Plainfield, Indiana. Plaintiff held this position since on or about 5 June 2006 until his termination on or about 19 September 2013.

16.     At the time of Plaintiff's employment in 2006, holding a valid driver's license was not an essential job function for the Utility Person position.

17.     Plaintiff, at all times relevant to this action, had been able to perform all of the duties he has been assigned when permitted to work as a Utility Person.

18.     Sometime in 2012, Defendant began assign the Plaintiff, approximately one to two days per week to work at another location approximately 10 miles from his primary work location to keep inventories and load trucks.

19.     Sometime in or about June of 2013, Plaintiff requested leave under the Family Medical Leave Act to undergo treatment for his alcohol dependency.

20.     On or about 13 September 2013, Plaintiff's driver's license was suspended by the State of Indiana because of a DUI (driving under the influence of alcohol).

21.     In 2012-2013, holding a valid driver's license was not an essential job function for a Utility person, only incidental to Plaintiff's position as a Utility Person.

22.     On or about 19 September 2013 Defendant terminated Plaintiff's employment for the reason that Plaintiff took a 'vacation day' off to attend court, but did not tell the Defendant the reason for the vacation day (i.e., attending court) which the Defendant construed as dishonesty.

23.     At this time Defendant learns of Plaintiff's loss of his driver's license for which Defendant cites as another reason for loss of employment as holding a valid driver's license was an essential job function.

24.     Defendant refusal to make reasonable accommodation for Plaintiff's disability, as required by 29 CFR § 1613.704, such as allowing the Plaintiff to find an alternative means of transportation to Defendant's alternate work site such as using a taxi, car service or public transportation would allow the Plaintiff to perform the essential job functions of a Utility Person.

25.     Plaintiff's use of a taxi, car service or public transportation to work at Defendant's alternate work site would not have presented an undue hardship for the Defendant.

26.     Upon information and belief, the actions of the above-name defendant was based upon employment practices and policies developed, approved, adopted, and implemented by the Defendant.

27.     Upon information and belief, the termination of the Plaintiff was for discriminatory reasons, and the reason given for said termination to be a pretext for disability discrimination.

4

28.     As a result of the discriminatory termination of Plaintiff's employment, Plaintiff's incurred damage to his economic and emotional well-being, reputation, and professional development, all to his great loss and detriment.

29.     Defendant's refusal to accommodate Plaintiff's disability was a violation of his statutory rights.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of the ADA)

30.     The allegations set forth above are re-alleged herein as if repeated verbatim.

31.     Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

32.     Defendant terminated plaintiff because of his disability in violation of the ADA.

33.     Defendant has discriminated against Plaintiff in violation of the ADA by denying him equal terms and conditions of employment, including but not limited to, failure to reasonably accommodate his disability, and by terminating his employment under the guise of Plaintiff's dishonesty.

34.     Defendant regarded the Plaintiff as disabled, and/or because of Plaintiff's record of disability.

35.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages.

36.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation,

5

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of punitive damages.

37.     Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the ADA for which Plaintiff is entitled to an award of punitive damages

## SECOND CAUSE OF ACTION

### (Disability Discrimination in Violation of Indiana Labor Law)

38.     The allegations set forth above are re-alleged herein as if repeated verbatim.

39.     Defendant has discriminated against Plaintiff in violation of Indiana Labor Law by denying him equal terms and conditions of employment, including but not limited to, failure to reasonably accommodate his disability, and by terminating his employment under the guise of poor job performance, because of his disability, Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

40.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Indiana Labor law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages.

41.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Indiana Labor law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A.   Grant a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States and the State of Indiana;

B.   Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.   Grant an order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff, or in lieu of reinstatement front-pay;

D.   Grant an award of compensatory damages in an amount to be determined at trial, plus pre-judgment interest, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E.   Grant an award of punitive damages, plus pre-judgment interest, to compensate the Plaintiff for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

7

F.    Grant an award of punitive damages, plus pre-judgment interest, to compensate Plaintiff for harm to his personal reputation and loss of career fulfillment;

G.    Grant an award of punitive damages for their willful, wanton, malicious and reckless conduct described above, in amounts to be determined at trial;

H.    Grant an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

I.    Grant an award to the Plaintiff for attorney fees and costs of this action; and

J.    Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

John Robert Panico, IN Bar No. 24039-48
PANICO LAW LLC
Counsel for Plaintiff Rex Clay
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
Email: jpanico@discriminationlawgroup.com